UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUBWAY DEVELOPMENTS 2000, INC.,

                Petitioner,

-against-

SUBWAY FRANCHISE SYSTEMS OF CANADA, ULC,

                Respondent.

24-cv-6065 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

    Petitioner Subway Developments 2000, Inc. ("Developments") instituted arbitration against Subway Franchise Systems of Canada, ULC ("Subway") after Subway terminated its agreements granting Developments the right to develop and service Subway restaurants in Canada. The arbitrator issued a "Final Partial Award," holding that Subway wrongfully terminated the agreements, but reserving judgment on damages. Developments petitions for confirmation of the partial award. Because the parties did not expressly agree to bifurcate liability and damages, the Court holds that the award is not final. Accordingly, the petition is dismissed.

## BACKGROUND

    This dispute arises out of two Development Agent Agreements (DAAs) that Developments entered with Subway on July 15, 2008. Dkt. 1 ¶¶ 6, 9. Under the agreements, Subway granted Developments the right to develop and service Subway restaurants within two territories in Canada. *Id.* ¶ 9. Developments agreed to submit any claims regarding termination of the DAAs to arbitration. *Id.* ¶ 7.

    On August 15, 2022, Subway informed Developments that it was terminating the DAAs, effective immediately. *Id.* ¶ 10. October 13, 2022, Developments commenced arbitration against Subway, seeking a declaration that the terminations were wrongful, along with associated relief. *Id.* Developments also sought enforcement of Subway's "[i]nterim [p]ayments obligations" under the DAAs, which required Subway to make payments to Developments throughout the arbitration. *Id.* ¶ 11. Specifically, from the date of termination to the date of the arbitrator's decision, the DAAs require Subway to pay Developments 50% of what Developments would otherwise be owed under the contracts. The arbitrator ruled that Subway is required to make these interim payments, and on June 21, 2024, this Court granted Developments' petition to confirm this award. *See Subway Franchise Sys. of Can., ULC v. Subway Devs. 2000, Inc.*, 2024 WL 3090480, at *7 (S.D.N.Y. June 21, 2024).

Meanwhile, arbitration proceeded on the merits. At the arbitrator's request, Developments filed a Summary of Claims and Statement of Damages, which delineated the type and amount of damages it sought. *See* Dkt. 23-8; Dkt. 22 at 5. On March 27, 2023, Developments served an expert report on damages. *See* Dkt. 23-15; Dkt. 22 at 6. The final evidentiary hearing took place beginning on May 15, 2023, and ending on May 31, 2023. Dkt. 22 at 7. The hearing included twelve days of testimony, twelve live witnesses, and three witnesses via Zoom. *Id.* The parties presented evidence on both liability and damages. *See* Dkt. 4-1 at 12. Closing arguments took place on August 9, 2023. Dkt. 22 at 7.

After closing arguments, the arbitrator indicated that she would issue the award at the end of September 2023. Dkt. 23-27 at 5. After a series of extensions, the arbitrator issued the partial award on July 25, 2024. Dkt. 4-1 at 25; *see also* Dkt. 23-26. The arbitrator held that Subway's terminations of the DAAs "were wrongful because the breaches alleged by Subway, even if accurate, were not material." Dkt. 4-1 at 23. Further, "[e]ven if accurate and material, the alleged breaches were insufficient to vitiate Developments' right to a 90-day cure period and longer, if reasonably necessary, a right that Subway did not afford to Developments." *Id.* The arbitrator did not make any finding on damages, explaining that "[b]ecause the parties agreed that the issues of liability and damages be decided separately, and because the Arbitrator ha[d] not been apprised of whether reinstatement and/or damages, or both, are claimed at this juncture by Developments, the damages remedy must await additional process, to be discussed at a hearing." *Id.* at 24.

Developments petitions for confirmation of the partial award. Dkt. 1. Subway opposes the petition, arguing that the partial award is not "final" and so not subject to confirmation or recognition. In the alternative, Subway argues that if the partial award were final, it should be vacated. *See* Dkt. 22.

## LEGAL STANDARDS

The parties agree that this case is governed by the New York Convention because it concerns two parties with their principal place of business outside the United States. *See Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983); *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022). Since the arbitration is taking place in the United States, the domestic provisions of the Federal Arbitration Act (FAA) also apply. *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012).

## DISCUSSION

As a threshold matter, the Court must determine whether it has statutory authority to review the award. "Under the Federal Arbitration Act, a district court does not have the power to review an interlocutory ruling by an arbitration panel." *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) (citation omitted). "In order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Id.* at 413.

The Second Circuit "has identified exceptions to this general rule in cases where the arbitrators decide a separate, independent claim, or where the parties expressly agree to submit only the liability or damages phase of any one claim." *Mitsubishi Heavy Indus. Ltd. v. Stone & Webster, Inc.*, 2009 WL 3169973, at *4 (S.D.N.Y. Sept. 29, 2009). "Generally, in order for a claim to be completely determined, the arbitrator must have decided not only the issue of liability of a party on the claim, but also the issue of damages." *Michaels*, 624 F.2d at 413–14 (holding that award was not final in part because it "left open the question of damages on the four counterclaims . . . that it sustained"); *see also Emps.' Surplus Lines Ins. Co. v. Glob. Reins. Corp.-U.S. Branch*, 2008 WL 337317, at *5 (S.D.N.Y. Feb. 6, 2008) ("When the Partial Final Award was previously before this Court, this Court could neither confirm nor vacate it because the award deferred the issue of damages to a later date and therefore was not final."). An exception to this rule applies when "the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so." *Emps.' Surplus Lines*, 2008 WL 337317, *5 (quoting *Trade & Transport, Inc. v. Nat. Petrol. Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991)). Accordingly, when the "parties expressly request[] the arbitration panel to make an immediate determination as to liability, leaving for a later time the calculation of damages," the liability award may be considered final. *Id.* For this exception to apply, however, the parties must "expressly agree to bifurcate liability and damages." *Mitsubishi Heavy Indus.*, 2009 WL 3169973, at *5.

Subway argues that there was no express agreement to bifurcate liability and damages here. The Court agrees. Despite the arbitrator's finding that "the parties agreed that the issues of liability and damages be decided separately," Dkt. 4-1 at 24, Subway denies this, and there is no evidence in the record of any agreement. At the outset of the proceedings, the parties discussed whether they consented to bifurcation. *See* Dkt. 23-29. Although Subway indicated that it was open to bifurcation, Developments objected. *See* Dkt. 23-31 at 3–5; Dkt. 23-32 at 3. At the final hearing in May 2023, evidence of both liability and damages was presented. *See* Dkt. 4-1 at 12. And in an order issued after the final hearing, the arbitrator indicated that she intended to issue an award that covered damages through May 2023 but not after that date. *See* Dkt. 23-36.

The confusion about whether the parties consented to bifurcation appears to have stemmed from a dispute about how to handle damages that accumulated after May 2023. After the final hearing, the parties discussed how to address additional monthly payments due under the DAAs after May 2023. In determining how to proceed, the arbitrator explained that:

> What I would like to do is make a partial award, give it to the AAA for them to make their commentary on it. The award would not cover the damages that have—that were not presented with a full hearing in May. In other words, [it] would include the May payment and nothing after it. That award will be held—the issuance of the award will be held in abeyance pending a hearing if there are disputes over the subsequent payments submitted.

Dkt. 23-35 at 4. Subway's counsel then clarified:

3

> So in other words, you would—well we'll have our closing arguments on August 9. You'll ultimately render a partial award and that would be kept, let's say, concealed. But once you've rendered it, you would then have some sort of subsequent hearing to discuss payments made subsequent to, I guess, May?

*Id.* at 4–5. The arbitrator confirmed that was the plan. In accordance with this discussion, the arbitrator issued the following order:

> Subject to the consent of counsel, following discussion with their respective clients, the Arbitrator will make a partial award ("Partial Award"), and provide the Partial Award to the AAA for comment. The Partial Award would not cover the damages that were not presented in a full hearing in May. The Partial Award would include the May payment and nothing after it. The issuance of the Partial Award will be held in abeyance pending a hearing if there are disputes over the payments submitted subsequent to May. If the proposal set forth in this paragraph 6 does not meet the approval of the parties, then another hearing will be held before the Arbitrator to discuss other means to deal with the issues.

Dkt. 23-36.

Subway notified the arbitrator that it did not consent to this procedure. Subway explained that the order "contemplates entry of a Partial Award that would cover payments to Developments . . . through May 2023 only, with a subsequent hearing to determine the amount of payments made to Developments after May, through the date of the award." Dkt. 23-37 at 4. Subway didn't consent because "[t]his future hearing is entirely unnecessary, and a waste of time and resources." *Id.* Specifically, Subway argued that Developments "was already afforded the opportunity to cross-examine" the payments witness, "and the new evidence of payment is in the same format as the earlier evidence already considered." *Id.* Subway argued that "[o]nce the Arbitrator makes her decision regarding the appropriate components and amount of the payments . . . , she need simply apply that analysis to the new evidence[] and make a final calculation." *Id.*

In sum, the record shows that the parties contemplated that the arbitrator's partial award would include a finding on liability and damages, but that damages incurred after May 2023 would be calculated in a separate proceeding. Subway objected that no separate proceeding was necessary for the arbitrator to calculate the post-May 2023 damages. At no point did the parties agree to entirely bifurcate liability and damages.

The only evidence that Developments points to in support of its view that the parties agreed to bifurcate is an email from the arbitrator sent in June 2024, more than a year after the final hearing. There, the arbitrator said that she was "continuing to work on the first level award in this arbitration, the partial final award on liability." Dkt. 28-3. Developments argues that Subway's failure to object to this email means that it consented to bifurcation. The Court disagrees. As

4

Subway points out, this email was sent months after the final hearing, to only "one of each side's attorneys of record," and it was not an order, nor did it purport to supersede the arbitrator's previous ruling about what the partial award would encompass. *See* Dkt. 29 at 4 & n.4. And Developments doesn't explain how Subway's silence in response to an email update could constitute an "express" agreement.

Developments raises three additional arguments why the Court should nonetheless find that the parties agreed to bifurcate liability and damages. None is convincing.

First, Developments argues that the arbitrator's finding that there was an agreement to bifurcate is entitled to great deference. Dkt. 27 at 7. True, as a general matter, "'an extremely deferential standard of review' is appropriate for arbitral awards in order '[t]o encourage and support the use of arbitration by consenting parties.'" *Swiss Reins. Am. Corp. v. Go Re, Inc.*, 2024 WL 4028112, at *2 (S.D.N.Y. Sept. 3, 2024) (alteration in original) (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007)). But Developments doesn't cite any case saying that this principle applies to the threshold determination of whether the parties have agreed to bifurcate liability and damages, such that the Court has jurisdiction to review the award in the first place. When determining whether the parties have agreed to bifurcate, the Second Circuit and district courts within this circuit review what the parties did and said in the underlying proceedings. *See, e.g., Trade & Transport*, 931 F.2d at 195 ("In December 1981, the parties modified their original submission to the arbitrators in order to cause a bifurcated decision. They asked the panel to decide the issue of liability immediately, a decision that was expressly intended to have immediate collateral effects in the judicial proceeding."); *Andrea Doreen, Ltd. v. Building Material Local Union 282*, 250 F. Supp. 2d 107, 112 (E.D.N.Y. 2003) ("Here, . . . the parties agreed during an arbitration hearing to bifurcate liability from remedy."); *Corporate Printing Co., Inc. v. New York Typographical Union No. 6*, 1994 WL 376093, at *5 (S.D.N.Y. July 18, 1994) ("Here, like the parties in *Trade & Transport*, the parties agreed to bifurcate the liability and remedy issues, and submitted to Impartial Arbitrator Sands the liability portion of their dispute, for immediate resolution.").

Second, Developments argues that "even if there had not been an express agreement to bifurcate, . . . under Rule 32 of the AAA Commercial Rules that apply to the Arbitration, the Arbitrator, exercising her discretion, can bifurcate proceedings." Dkt. 27 at 8. Whether the arbitrator can so exercise her discretion, however, has no bearing on whether "the parties expressly agree[d] to bifurcate liability and damages," which is the prerequisite for finding that the liability award is final. *Mitsubishi Heavy Indus.*, 2009 WL 3169973, at *5.

Finally, Developments argues that Subway's argument is inconsistent with Subway's prior arguments in its petition to vacate the arbitrator's award on the interim payments. *See* Dkt. 27 at 10. There, Subway argued that the interim-payments award was final even though the parties did not agree that the arbitrator had the authority to issue that award. Developments says that "if the parties disputed whether the Arbitrator had authority to issue the Interim Payments Award, there was no express agreement to bifurcate that issue. Nevertheless, Subway argued and the Court agreed that the Interim Payments Award was final." *Id.*

5

Developments misunderstands the inquiries on these two issues, which invoke different exceptions to the rule of finality. In the interim-payments proceeding, the parties disputed whether the award "finally and conclusively disposed of a separate and independent claim." *Subway*, 2024 WL 3090480, at *3 (citation omitted). The Court held that it did because the award conclusively resolved "who would possess certain money during the pendency of the arbitration" and "there w[ould] be no way to challenge the order at the end of the arbitration." *Id.*; *see also id.* at *4 (holding that the arbitration order was "like a prejudgment-security order"). That exception is not at issue here. Instead, for a ruling on liability but not damages on the same claim to fall into the exception to finality, the parties must agree to bifurcate liability and damages. *See Michaels*, 624 F.2d at 413–14 ("[G]enerally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages."); *Emps.' Surplus Lines*, 2008 WL 337317, at *5 ("When the Partial Final Award was previously before this Court, this Court could neither confirm nor vacate it because the award deferred the issue of damages to a later date and therefore was not final."); *see also Andrea Doreen*, 250 F. Supp. 2d at 112–13 ("Here the parties, by agreement, made liability a separate and independent claim from damages."). There's no inconsistency between Subway's argument in the previous proceeding and this one.

Because the parties did not agree to bifurcate liability and damages, the arbitrator's partial award does not "conclusively decide every point required by and included in the . . . parties' . . . submission[s]." *Trade & Transport*, 931 F.2d at 195. Accordingly, the award is not final, so this Court lacks jurisdiction to review it.

## CONCLUSION

For these reasons, the petition to confirm the award and cross-petition to vacate the award are denied.

The Clerk of Court is respectfully directed to terminate this case.

SO ORDERED.

Dated: June 9, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge